IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CIERA SMART,<br><br>      Plaintiff,<br><br>v.<br><br>NILSON VAN & STORAGE, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 4:23-cv-351 |

**O R D E R**

When, for any reason, subject matter jurisdiction appears to be lacking in a case, "a federal court must inquire *sua sponte* into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." (citations omitted)). This case was removed to this Court from the State Court of Chatham County, Georgia, on the purported basis of diversity jurisdiction. The Court inquires, *sua sponte*, specifically into whether the amount in controversy in this case is sufficient to support diversity jurisdiction and, for the reasons outlined below, concludes that it is not and that the Court therefore lacks subject matter jurisdiction over the case. Accordingly, the Court **DIRECTS** that the case be **REMANDED** to the State Court of Chatham County.

**BACKGROUND**

According to Plaintiff's Complaint, on or about June 27, 2022, Plaintiff, who was driving a Buick Encore, approached an intersection just as Defendant James Heyward, who was driving a tractor pulling a trailer on behalf of Defendant Nilson Van & Storage, Inc. ("Nilson Van"), attempted to make a left turn. (Doc. 1-3, pp. 2–4.) According to the Complaint, Defendant Heyward failed to yield to oncoming traffic (including Plaintiff) and, as a result, the front end of Plaintiff's Buick collided with the front passenger side of Defendants' tractor. (Id. at p. 4.) Plaintiff claims that the collision caused her to suffer "traumatic, permanent psychological and physical injuries, including but not limited to injuries to her head, neck, back, abdomen and extremities." (Id. at p. 6.)

Plaintiff filed her lawsuit in the State Court of Chatham County on October 31, 2023. (Id. at p. 2.) She asserted a claim of negligence against Defendant Heyward, asserted that liability for Defendant Heyward's negligence is imputed to Defendant Nilson Van, and also asserted a direct action against Defendant Vanliner Insurance Company, as insurer for Defendant Nilson Van, pursuant to O.C.G.A. § 40-2-140. (Id. at pp. 6–7.) On or about December 1, 2023, Plaintiff responded to Requests for Admission that had been served on her by Defendant Nilson Van. (See doc. 1-2.) The Requests, with Plaintiff's corresponding responses, are listed below:

1. Please admit that Plaintiff is NOT seeking more than $75,000.00 in this lawsuit.

    Denied.

2. Please admit that Plaintiff is seeking more than $75,000.00 in this lawsuit.

    Admitted.

3. Please admit that Plaintiff does NOT contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

  Denied.

4. Please admit that Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

  Admitted.

5. Please admit that Plaintiff did NOT suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

  Denied.

6. Please admit that Plaintiff did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

  Admitted.

7. Please admit that Plaintiff is NOT entitled to recover more than $75,000.00 in damages from Defendants in this lawsuit.

  Denied.

8. Please admit that Plaintiff is entitled to recover more than $75,000.00 in damages from Defendants in this lawsuit.

  Admitted.

9. Please admit that Plaintiff's damages in this lawsuit are limited to $75,000.00 or less.

  Denied.

10. Please admit that Plaintiff's damages in this lawsuit are NOT limited to $75,000.00 or less

  Admitted.

(Id.)

Approximately two weeks later, Defendants removed the case to this Court, purportedly on the basis of diversity jurisdiction pursuant 28 U.S.C. § 1332. (Doc. 1.) In their Notice of Removal, Defendants assert that the amount in controversy exceeds $75,000, exclusive of interests and costs, because, although "[n]o specific damages were alleged in the Complaint, . . . Plaintiff's

3

counsel acknowledged that Plaintiff is seeking more than $75,000.00 in damages in this lawsuit[, and] . . . Plaintiff admitted that she is seeking more than $75,000.00 in damages in this lawsuit."[1] (Id. at p. 2.)  In support, Defendants attached the above-quoted Requests for Admission and responses, as well as an email that Plaintiff's counsel sent to defense counsel after receiving the Requests for Admission. (Docs. 1-1 & 1-2.)  In that email, Plaintiff's counsel stated, "Judging by the [Requests for Admission], I assume y'all intend on removing it.  There will be no objection on my end.  I think this one checks all of the boxes." (Doc. 1-1, p. 1.)

## LEGAL STANDARD

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question; or (2) where diversity jurisdiction exists.  28 U.S.C. § 1441(a–b).  "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  The Court construes the removal statute narrowly.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Am. Tobacco Co., 168 F.3d at 411 (citation omitted).

The removing defendant "bears the burden of proving that federal jurisdiction exists." See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  And the removing party must point to facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269

---

[1] The Notice of Removal also alleges that Plaintiff "is an individual and citizen domiciled with the intent to remain in the State of Georgia," that Defendant Heyward, "at the commencement of [the lawsuit], and at all times since[,] has been an individual and citizen domiciled with the intent to remain in the State of South Carolina," that Defendant Nilson Van is a corporation organized and existing under the laws of South Carolina with its principal place of business in South Carolina, and that Defendant Vanliner is organized and exists under the laws of Ohio with its principal place of business in Ohio. (Doc. 1, p. 2.)

F.3d 1316, 1319-20 (11th Cir. 2001). "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) (holding "that jurisdictional facts are evaluated as they stand at the time of removal") (internal citation omitted).

If a defendant fails to carry its burden, the Court must remand the suit for lack of subject-matter jurisdiction. Id.; see also 28 U.S.C. § 1447(c). In this circuit, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001), *abrogated on other grounds by* Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224 (2007).

## DISCUSSION

Even assuming that diversity of citizenship existed at the time of removal, the Court finds that Defendants have failed to point to facts proving that the amount in controversy exceeds $75,000. The only evidence regarding the amount in controversy that has been provided by Defendants are Plaintiff's responses to a set of requests for admission and an email in which Plaintiff's counsel states his opinion that this Court has diversity jurisdiction over the case. (See docs. 1-1 & 1-2.) Neither Plaintiff's Complaint nor Defendants' Notice of Removal provides any details on the special damages Plaintiff has incurred (such as medical expenses or lost wages). (See doc. 1-3.)

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not

"banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley, 778 F.3d at 913 (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover") (citations, emphasis, and quotation omitted). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). Here, however, there is a lack of detail concerning Plaintiff's injury and damages, and thus the record is devoid of anything to which the Court could practically apply its judicial experience and common sense. Notably, nothing in the record indicates that Plaintiff has suffered a grievous and life-altering injury such as a traumatic brain injury or even an injury requiring surgery or hospitalization.[2] Plaintiff's general request for medical expenses and lost wages, special and general damages, and attorney's fees in the complaint provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity—all of

---

[2] Plaintiff is not seeking punitive damages.

which would continue in future—and complaint contained demand for both compensatory and punitive damages in unspecified amounts). Similarly, Plaintiff's vague allegations regarding the *parts* of her body that were injured—without describing the *nature and extent* of the injuries to those parts—provide no basis for the Court to determine that the case reasonably involves an amount in controversy exceeding $75,000.

Finally, the Court's analysis is also guided by the following cautionary words from the Eleventh Circuit Court of Appeals: "Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction." Morrison, 228 F.3d at 1275. Much like a stipulation, Plaintiff's responses to Defendants' requests for admission are insufficient proof of the amount in controversy standing alone. Id.; Streicher v. Sam's E., Inc., No. CV419-01, 2019 WL 1011815, at *3 (S.D. Ga. Mar. 4, 2019) ("[R]equests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000."). Moreover, a plaintiff's responses to these types of requests for admission are far more akin to "conclusory allegations" (that the plaintiff believes she should recover more than $75,000) than "factual showings" on the issue of the actual amount of damages that is fairly and truly in dispute. Williams, 269 F.3d at 1318. Indeed, none of the requests to admit touch on anything specific about Plaintiff's injury, recovery, economic damages, or the like.[3]

---

[3] Request for Admission 6 comes the closest to providing the necessary specificity (by asking Plaintiff to "admit that [she] did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit"), but even that request is worded in a vague way that is open to broad interpretation and does not clearly indicate that Plaintiff has lost or stands to lose anything valued at anywhere close to $75,000 (i.e., because she has incurred medical bills, had a totaled vehicle or vehicle repairs, lost wages at work, or has been recommended for surgery, etc.); the word "damages" as used in Request for Admission 6 could be interpreted to include Plaintiff's own subjective value of the perceived emotional distress due to the accident.

**CONCLUSION**

In light of all the foregoing, the Court cannot conclude that the defense has met its burden to show by a preponderance of the evidence that the value of this case meets the jurisdictional threshold. Accordingly, the Court finds that it lacks subject matter jurisdiction and thus **DIRECTS** the Clerk of Court to **REMAND** this case to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 5th day of January, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA